UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 13 |
| Nicole Ellison, | Case No. 19-50407 |
| Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |

## OPINION SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S POST-CONFIRMATION PLAN MODIFICATION

## Introduction

This opinion addresses a request by a chapter 13 debtor to modify her confirmed plan. No creditors objected, but the chapter 13 trustee did. There are two issues. The first issue is whether a debtor must show a change of circumstances to modify a confirmed chapter 13 plan. The Court holds that no such showing is required. The second issue is whether a plan modification may relitigate an issue that was or could have been litigated at confirmation. The Court holds that a plan modification cannot relitigate an issue that was litigated or could have been litigated at confirmation.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O), over which the Court has jurisdiction under 28 U.S.C. § 1334(a).

## Facts

The following facts are taken from the Court's review of the file. They are not in dispute.

On July 17, 2019, the Debtor filed this chapter 13 case. The Debtor's chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (ECF No. 5) stated that the Debtor is a below median income debtor with an applicable commitment ("ACP") period of 36 months. On July 23, 2019, the Debtor filed a plan ("Plan") (ECF No. 11). The Plan also stated that the Debtor is a below median income debtor with an ACP of 36 months. The Plan did not propose to pay allowed unsecured claims in full, but instead proposed a "minimum dividend" of $3,576.00 to unsecured creditors based on what their claims were projected to receive in a chapter 7 liquidation. The claims register reflects allowed unsecured claims of $68,879.45, which means that the projected dividend to unsecured creditors under the Plan was approximately 5%.[1] Despite expressly stating that the Debtor's ACP was only 36 months, the Plan proposed that the Debtor make monthly payments of $326.94 for 60 months. On October 5, 2019 the Court confirmed the Plan.

---

[1] The Plan also provided for continued payments on the mortgage on the Debtor's residence, a cure of the pre-petition arrearage on the mortgage, and assumption of a vehicle lease.

- 2 -

19-50407-pjs    Doc 46    Filed 10/06/20    Entered 10/06/20 14:51:30    Page 2 of 19

On August 13, 2020, the Debtor filed a proposed plan modification ("Plan Mod") (ECF No. 39). The Plan Mod requests two modifications to the Plan: first, that the Plan length be shortened from 60 months to 36 months; and second, that the Debtor be excused from having to remit to the Plan the proceeds from her 2019 tax refund to pay some specific unanticipated expenses. No creditors objected. However, on September 3, 2020, the chapter 13 trustee ("Trustee") objected (ECF No. 41).

On October 1, 2020, the Court held a hearing on the Plan Mod. Because the Debtor and the Trustee are negotiating a resolution of the tax refund issue, the Court adjourned the hearing on that part of the Plan Mod until October 15, 2020. The Court then heard arguments about the part of the Plan Mod that seeks to shorten the length of the Plan and took that issue under advisement.

## **Positions of the parties**

The Debtor argues that because she was a below median income debtor when she filed this case, she did not have to file a plan with a length of 60 months but could have filed a plan with a length of 36 months. The Plan Mod states that the Debtor did not do so because of inadvertence of her attorney. The Debtor points out that under § 1322(d)(2) of the Bankruptcy Code, a plan for a below median income debtor may not provide for payments over a period that is longer than three years

"unless the court, for cause, approves a longer period[.]"  Here, according to the Debtor, "there is no real cause" to do so.

The Trustee objects that the Plan Mod violates the res judicata effect of § 1327(a) of the Bankruptcy Code which states that "[t]he provisions of a confirmed plan bind the debtor and each creditor . . . ."

The Debtor counters that § 1329(a) of the Bankruptcy Code creates an exception to the res judicata effect of § 1327(a) by providing that upon request of a debtor, trustee, or holder of an allowed unsecured claim, a confirmed plan "may be modified" at any time before the plan expires, in any one of four specific ways expressly set out in § 1329(a)(1)-(4).  In this case, the Debtor proposes to modify the Plan under § 1329(a)(2) which permits a modification to "extend or reduce the time" for payments under a plan.  The Debtor argues that § 1329(a) does not require any particular showing by a party requesting a modification so long as the proposed modification is of the type permitted by § 1329(a).

Although conceding that § 1329(a)(2) permits a modification to reduce the time for payments, the Trustee argues that any plan modification — whether to reduce the time for payments or otherwise — may only be made if there is a demonstration of a change in a debtor's circumstances post-confirmation.  To hold otherwise would negate the res judicata effect of a confirmation order under § 1327.

## Discussion

### Section 1329(a) does not require a change of circumstances

Both the Debtor and the Trustee acknowledge that § 1329 is silent on what showing must be made to modify a confirmed plan. The Debtor and the Trustee agree that there is a split of authority in the case law regarding whether a post-confirmation change in circumstances is required to modify a plan under § 1329(a). Both cite case law in support of their respective positions, including unreported bankruptcy court decisions in this district.[2] Neither cite any controlling decision of the Supreme Court or the Sixth Circuit Court of Appeals, although they both cite non-binding decisions of the Sixth Circuit Bankruptcy Appellate Panel.

Recently, this Court addressed the question of what showing is required to modify a confirmed plan in In re Gresham, 616 B.R. 505 (Bankr. E.D. Mich. 2020). The debtor in Gresham was a veteran of the United States military. After she filed a chapter 13 petition and confirmed a plan, Congress enacted the Honoring American Veterans in Extreme Need Act ("HAVEN Act"). The HAVEN Act allows veterans who receive certain disability benefits to exclude them from the calculation

---

[2] See In re Luman, case no. 15-54207, 2017 WL 521518 (Bankr. E.D. Mich. Feb. 8, 2017) (granting the debtor's plan modification to shorten the plan length); In re McGaughy, case no. 15-54779, bench op. (Bankr. E.D. Mich. Apr. 24, 2020) (ECF No. 105) (denying the debtor's plan modification to shorten the plan length); In re Berberoglu, case no. 10-53436, bench op. (Bankr. E.D. Mich. Aug. 20, 2013) (ECF No. 93) (denying the debtor's plan modification to shorten the plan length).

- 5 -

of current monthly income under § 101(10A) of the Bankruptcy Code. That means that those benefits are not part of a debtor's projected disposable income that must be contributed to a debtor's plan. The debtor in Gresham filed a plan modification based on the passage of the HAVEN Act to exclude her disability benefits from her plan payments going forward. The chapter 13 trustee objected, arguing that the post-confirmation change in the law made by the HAVEN Act was not a change in the debtor's circumstances after confirmation and therefore was not enough to support a plan modification under § 1329(a). Id. at 508-09.

Gresham began by summarizing the split in the case law regarding the change of circumstances issue.

> The Sixth Circuit Court of Appeals has not articulated a standard for determining whether a plan may be modified under § 1329, although it has recognized that bankruptcy courts have discretion to approve or reject post-confirmation plan modifications. Jodway v. Fifth Third Bank (In re Jodway), 719 Fed. Appx. 502, 504 (6th Cir. Jan. 5, 2018) (finding no abuse of discretion where the bankruptcy court denied the modification because the proposed modification was futile).
>
> As explained by the District Court for the Eastern District of Michigan in James C. Warr & Associates, LLC v. Ruskin (In re Mallari), No. 12-11599, 2012 WL 4855180, at *6, n.4 (E.D. Mich. Oct. 9, 2012), there is a split in the case law as to what is required for a post-confirmation modification.
>
>> "On the one hand, the Fourth Circuit has adopted the view that, to obtain a post-confirmation modification under § 1329(a), the debtor must show a 'substantial and unanticipated change' in financial condition. See In re Murphy, 474 F.3d 143, 149 (4th Cir. 2007) ('[T]he

doctrine of res judicata prevents modification of a confirmed plan pursuant to § 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a "substantial" and "unanticipated" post-confirmation change in his financial condition.').

"On the other hand, the First, Fifth, and Seventh Circuits have held that no such showing is necessary. See Matter of Witkowski, 16 F.3d 739, 746 (7th Cir. 1994) (holding that 'the clear and unambiguous language of § 1329 negates any threshold change in circumstances requirement and clearly demonstrates that the doctrine of res judicata does not apply'); Barbosa v. Solomon, 235 F.3d 31, 41 (1st Cir. 2000) (rejecting the 'substantial and unanticipated change' standard as 'not contemplated by the statute'); In re Meza, 467 F.3d 874, 877-78 (5th Cir. 2006) (agreeing with Witkowski and Barbosa). See also 7 William L. Norton, Jr., Norton Bankruptcy Law & Practice § 150:2 (3d ed. 2012) (noting circuit split)."

The Sixth Circuit Bankruptcy Appellate Panel has taken a lenient approach and held that there is no requirement of an unanticipated or substantial change in circumstances for a plan modification under § 1329. See Ledford v. Brown (In re Brown), 219 B.R. 191, 195 (B.A.P. 6th Cir. 1998) ("Although the court may properly consider changed circumstances in the exercise of its discretion, § 1329 does not contain a requirement for unanticipated or substantial change as a prerequisite to modification."). However, the Sixth Circuit Bankruptcy Appellate Panel has also held that "§ 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed. The practical impact of this conclusion is that modification under § 1329(a) will be limited to matters that arise post-confirmation." Storey v. Pees (In re Storey), 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008) (citing Cline v. Welch (In re Welch), No. 97-5080, 1998 WL 773999, at *2 n.1 (6th Cir. Oct. 11, 1998)).

Gresham, 616 B.R. at 513.

- 7 -

19-50407-pjs    Doc 46    Filed 10/06/20    Entered 10/06/20 14:51:30    Page 7 of 19

Without purporting to find a specific standard where none exists in § 1329, Gresham held that even without any change in the debtor's circumstances, "the HAVEN Act provides a legitimate reason for a modification — sufficient under § 1329 and the case law in the Sixth Circuit." Id. at 514.

Since Gresham, there have been more case law developments — albeit not binding — on the issue of whether a change of circumstances is needed to modify a plan under § 1329. Recently, the Eleventh Circuit Court of Appeals addressed the issue in a thorough opinion in In re Guillen, No. 17-13899, ___ F.3d ___, 2020 WL 5015287 (11th Cir. Aug. 25, 2020). In Guillen, the debtor sought to modify a confirmed plan to reduce the distribution to unsecured creditors to enable the debtor to pay certain attorney fees incurred in an adversary proceeding. The trustee objected on several grounds, one being that the debtor's proposed modification could not be approved under § 1329 because it would violate the res judicata effect of the confirmation order under § 1327. Id. at *2. The Eleventh Circuit began its opinion by stating that

> We agreed to hear this appeal straight from the bankruptcy court to answer a question of first impression that has divided our sister circuits: whether bankruptcy courts must find some change in circumstances before permitting debtors to modify confirmed plans under 11 U.S.C. § 1329. In the view of the United States Court of Appeals for the Fourth Circuit, the requirement protects the finality of bankruptcy courts' confirmation orders. But the United States Courts of Appeals for the First, Fifth, and Seventh Circuits read § 1329 differently. The requirement appears nowhere on the face of the statute, and those courts

have declined to graft onto it a threshold showing of any change in circumstances.

Id. at *1.

The Guillen court explained that in the case before it, the trustee "asks us to read one additional requirement into § 1329 — that debtors show some change in circumstances before modifying confirmed plans." Id. at 3 (footnote omitted). The Eleventh Circuit declined to do so. Its reasoning is persuasive.

Focusing on the text of § 1329, Guillen explained:

> On its face, § 1329 does not impose a requirement that the bankruptcy court find any change in circumstances before modifying a confirmed plan. We can discern no reason to speak where Congress has not; adopting the Trustee's "argument would result not in a construction of the statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. With a plain, nonabsurd meaning in view, we need not proceed in this way."

Id. at *3 (quoting Lamie v. U.S. Trustee, 540 U.S. 526, 538 (2004)) (other citations omitted).

The Eleventh Circuit noted that it could have stopped its analysis right there — relying solely on the plain text of the statute. But recognizing the split among the circuits, the Guillen court stated that its plain text interpretation of § 1329 was "confirmed" based on a review of the "broader statutory scheme" of the Bankruptcy Code. The court pointed out that there are numerous instances throughout the Bankruptcy Code where Congress imposes a "circumstances"

- 9 -

requirement, beginning with two examples in chapter 13: a debtor seeking a hardship discharge must show "'circumstances for which the debtor should not justly be held accountable'" under § 1328(b); and a debtor seeking to be excused for filing late tax returns must show "'circumstances beyond the control of the debtor'" under § 1308(b)(2). Id. Guillen provided examples from other chapters too: in chapter 7 a discharge is denied to a debtor who conceals or destroys financial records "'unless such act or failure to act was justified under all the circumstances of the case'" under § 727(a)(3); and in chapter 11 a plan as modified "'becomes the plan only if circumstances warrant such modification'" under § 1127(b). Id. at *3-*4.

The Eleventh Circuit in Guillen considered but was unpersuaded by the Fourth Circuit's policy worries in Arnold about an onslaught of plan modifications that might occur if bankruptcy courts do not require a change in a debtor's circumstances to approve a plan modification under § 1329. In addition to noting that policy considerations "cannot overcome the plain language of the statute," Guillen pointed out that there are adequate limitations on plan modifications expressly stated in the statute. Section 1329(a) limits the universe of parties who can request a plan modification and limits the number of ways that a plan can be modified. Moreover, any proposed plan modification can only be approved if it meets the express requirements of § 1329(b). Id. at *4-*5.

Guillen concluded by rejecting the trustee's argument that a plan modification under § 1329 requires a change in circumstances.

> It remains true that an unforeseen change in circumstances is a good reason to permit a modification that otherwise satisfies § 1329. But that is not to say it is the only reason. And we reject the Trustee's attempt to convert a sufficient condition into a necessary one. When a bankruptcy court faces a modified plan that satisfies the requirements of § 1329, it may properly consider whether there has been some change in circumstances when deciding to confirm the plan as modified. But it is free to confirm the modified plan even where it has not found any change in circumstances.

Id. at *6 (citation omitted).

It is no doubt true that plan modifications are most frequently requested and approved because of a change in a debtor's circumstances after confirmation. A change in employment, a medical condition, a new baby, a leaky roof, storm damage to a home are just some of the events that routinely happen in life, many times without warning, after a debtor's plan is confirmed. They can significantly affect a debtor's ability to perform under a plan that extends for years into the future based on projections made at the time of confirmation about the debtor's personal and financial life for years to come. Unanticipated changes in circumstances provide legitimate reasons for bankruptcy courts to exercise the discretion afforded by § 1329(a) to approve a plan modification. However, as this Court held in Gresham, and the Eleventh Circuit explained in Guillen, a change in a debtor's financial circumstances after confirmation is not the *only* reason to request, and for a

bankruptcy court to approve, a plan modification under § 1329. Debtors — and trustees and unsecured creditors too — may have all kinds of reasons to propose a modification to a confirmed plan. The statute limits the *ways* to modify a confirmed plan but does not limit the *reasons* to modify a confirmed plan.

To be sure, as Guillen points out, even if a plan modification is proposed by one of the three parties permitted to do so by § 1329, and even if the proposed modification is one of the four types that § 1329 permits, that does not mean that it will necessarily be approved. Under § 1329(b), a plan modification must meet other requirements. Section 1329(b)(1) expressly provides that a plan modification must meet all the requirements of § 1322(a) and (b), § 1323(c), and § 1325(a). And even if a proposed plan modification meets those requirements, the statute expressly confers discretion on the bankruptcy court to approve or disapprove a plan modification by stating in § 1329(a) that a confirmed plan "may be modified." There is no absolute right of any party to modify a confirmed plan.

The limited number of parties who are authorized by § 1329(a) to request a plan modification, the limited number of ways that a plan may be modified under § 1329(a)(1)-(4), the express requirements for a plan modification set forth § 1329(b), and the discretion afforded to the bankruptcy court under § 1329(a), all combine to ensure that the floodgates for plan modifications will not open if the

Court declines to engraft on to § 1329 an unwritten change of circumstances requirement.

Until such time as the Supreme Court or the Sixth Circuit Court of Appeals states otherwise, the Court holds that § 1329(a) does not require a showing of a change in a debtor's circumstances to approve a plan modification.[3] Section 1329(a) gives the bankruptcy court discretion in deciding whether to approve a plan modification so long as it is requested by one of the parties expressly authorized to request a plan modification, is of the type expressly permitted by the statute, and otherwise meets the express requirements of § 1329(b).

<u>The Plan Mod does not meet the statutory requirements of § 1329</u>

The Court must now determine whether the Plan Mod in this case meets all the requirements for approval of a plan modification outlined above by the Court. There is no dispute that the Plan Mod is requested by the Debtor, one of the authorized parties to make such a request under § 1329(a). There is also no dispute that the Plan Mod requests the type of modification, a reduction in the time for plan

---

[3] To the extent that the Court has previously said otherwise, in rulings from the bench that were not made in reported decisions, the Court now rejects those statements for the reasons explained in this opinion. This opinion, and not any prior statements from the bench, reflects the Court's view of the law and will govern any plan modifications that come before the Court in the future.

payments, that is permitted by § 1329(a)(2). That brings the Court to the question of whether the Plan Mod meets the requirements of § 1329(b).

The Trustee does not directly argue that the Plan Mod fails to meet any particular requirement of § 1322(a) and (b), § 1323(c) and § 1325(a). Instead, the Trustee argues that the Plan Mod should be denied because it violates § 1327(a) which states that the "provisions of a confirmed plan bind the debtor and each creditor[.]" This is essentially the argument made by the trustee both in <u>Storey v. Pees</u> and <u>Guillen</u>.

In <u>Storey v. Pees</u> (<u>In re Storey</u>), 392 B.R. 266 (B.A.P. 6th Cir. 2008), after citing statements in prior Sixth Circuit opinions regarding the res judicata effect of § 1327, the Sixth Circuit Bankruptcy Appellate Panel quoted extensively from language in <u>Cline v. Welch</u> (<u>In re Welch</u>), No. 97-5080, 1998 WL 773999 (6th Cir. Oct. 11, 1998), a prior unpublished Sixth Circuit opinion that the <u>Storey</u> court found instructive:

> "Section 1327 has been consistently interpreted as barring the relitigation of any issue which was decided or which *could have been decided* at confirmation. A leading bankruptcy authority has said that 'the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties ordained by the plan,' that it is 'quite clear that the binding effect extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order' and that the '*binding effect of the plan also bars creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed.*'"

- 14 -

19-50407-pjs    Doc 46    Filed 10/06/20    Entered 10/06/20 14:51:30    Page 14 of 19

Storey, 392 B.R. at 272 (quoting In re Welch, 1998 WL 773999, at *2) (emphasis added by Storey).

Storey then held that "we conclude that § 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed." Id.

Guillen explained § 1327 the same way:

> The statute says that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." As the Supreme Court has explained, confirmation "has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order."

2020 WL 5015287, at *2 (quoting Bullard v. Blue Hills Bank, 575 U.S. 496 (2015)) (other citation omitted).

Before the Court considers whether the Plan Mod is attempting to litigate an issue that is foreclosed by § 1327, first a word about the relationship between § 1329 and § 1327. The Trustee argues that the two sections are in conflict unless the Court reads into § 1329(a) a threshold requirement of a change in circumstances avoid the res judicata bar of § 1327. The Debtor sees no conflict because § 1329 is in effect an exception to § 1327. For reasons explained above, the Court rejects the Trustee's argument. But that does not mean that the Court accepts the Debtor's argument that

§ 1329(a) is an exception to § 1327. In the Court's view, the two sections are not in conflict so the Court need not treat § 1329 as an exception to § 1327.

As explained earlier, a plan modification is only permissible under § 1329(b) if it meets the requirements of § 1322(a) and (b), § 1323(c), and the requirements of § 1325(a). One of the requirements of § 1325(a) is in subpart (1) which states that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title[.]" One of the provisions of chapter 13 of title 11, as discussed above, is § 1327. A plan modification that attempts to relitigate an issue that was litigated at confirmation or could have been litigated at confirmation, does not comply with § 1327. If a plan modification does not comply with § 1327, it follows that it does not comply with § 1325(a)(1) and therefore cannot be approved because it does not meet the requirements of § 1329(b).

Does the Plan Mod attempt to litigate an issue that either was litigated or could have been litigated at confirmation? Unfortunately for the Debtor, the answer to that question is yes.

The Plan Mod states that because the Debtor is a below median income debtor, with an ACP of 36 months, there was "no real cause" for the Court to have approved at confirmation a plan with a length of 60 months under § 1322(d). The Debtor requests that the Court now come to a different conclusion about "cause" under § 1322(d) than it did at the time of confirmation. The problem with the Debtor's

- 16 -

19-50407-pjs    Doc 46    Filed 10/06/20    Entered 10/06/20 14:51:30    Page 16 of 19

request is that the Plan states on its face — consistent with the Debtor's own statement of current monthly income — that the Debtor is a below median income debtor with an ACP of 36 months. This fact was plainly disclosed and known to all parties — including the Debtor's attorney — at the time of confirmation. If there was any issue regarding whether the Court had "cause" under § 1322(d)(2) to approve a 60 month plan for the Debtor, as the Debtor is now suggesting, that issue could certainly have been raised and litigated at the time of confirmation. It was not.

Because the Plan Mod relitigates an issue that was or could have been litigated at confirmation, it violates § 1327. That means that the Plan Mod does not comply with § 1325(a)(1) because it does not comply with one of the "provisions of this chapter." Therefore, the Plan Mod cannot be approved under § 1329(b).

## Conclusion

The Court is not unsympathetic to the Debtor. The Congressional policy of encouraging debtors to file chapter 13 to make payments to their creditors over time is well documented. And the Court fully appreciates the voluntary nature of a debtor's commitment in chapter 13.[4] But even though a chapter 13 case is a

---

[4] The Debtor's attorney noted at the hearing that if the Plan Mod is not approved, the Debtor may dismiss this case, refile a new case with a 36 month plan, and still be done with chapter 13 much sooner than the expiration of the Plan in this case. Maybe so. But even if true, that practical possibility does not give the Court license to ignore the statutory requirements for modification of a plan in a pending case.

- 17 -

voluntary commitment, it is equally true that a chapter 13 case is a judicial proceeding. Section 1327(a)'s res judicata effect in making a confirmation order binding on debtors and creditors comports with the strong policy throughout federal court jurisprudence that promotes finality to litigation. Parties to any federal judicial proceeding — in this instance, a chapter 13 case — should not be made to incur the expense and delay of litigating and then re-litigating the same issues over and over.

This time it's a debtor who wants to relitigate an issue, but it's not hard to imagine that other parties may want to do so too. The shoe could easily be on the other foot if a trustee or a creditor proposed a plan modification to challenge whether a confirmed plan was proposed in good faith as required by § 1325(a)(3), whether it met the best interest of creditors test of § 1325(a)(4), or even whether the petition itself was filed in good faith as required by § 1325(a)(7). At some point, judicial proceedings must come to an end. In chapter 13, § 1327(a) establishes that point, at least as far as confirmation is concerned.

Section 1329 is neither in conflict with § 1327 nor is it an exception to § 1327. The Court need not read any additional requirement into § 1329(a) to resolve some perceived inconsistency with § 1327 because the two sections are not incompatible. Section 1327 evinces a strong policy of finality to confirmation of a chapter 13 plan. Section 1329 reflects an understanding that chapter 13 cases are forward looking and require debtors to make payments out of their projected disposable income for years

to come. Section 1329(a) provides the flexibility needed to modify a confirmed plan to adjust to the plain fact that life changes, many times in ways that cannot be foreseen. But a plan modification can only be approved by a bankruptcy court if it meets all the requirements of § 1329 — including those incorporated by reference in § 1329(b). One of those requirements is compliance with § 1327. For the reasons explained in this opinion, the Plan Mod does not meet that requirement.

    The Court will enter a separate order consistent with this opinion.

**Signed on October 6, 2020**

/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**